

*VIA EMAIL*

May 9, 2024

C/O: Molly Woon, Director of Elections
The Hon. LaVonne Griffin-Valade
Oregon Secretary of State
Public Service Building, Suite 126
255 Capitol St. NE
Salem, OR 97310
Email: elections.sos@sos.oregon.gov | oregon.sos@sos.oregon.gov |
Coline.BENSON@sos.oregon.gov | Molly.WOON@sos.oregon.gov

**RE: Notice of NVRA Violation**

Dear Secretary Griffin-Valade:

Pursuant to 52 U.S.C. § 20510(b)(1), this letter serves as statutory notice to Secretary LaVonne Griffin-Valade, as Oregon's chief election official, ORS § 246.110, that she is in violation of the National Voter Registration Act ("NVRA") for failure to permit inspection and reproduction of records as required by the NVRA, 52 U.S.C. § 20507(i)(1), and for failure to maintain records for at least two (2) years as required by the NVRA, 52 U.S.C. § 20507(i)(1).

Secretary Griffin-Valade is hereby notified that she faces federal litigation if the violations are not cured in the time afforded by law.

**Background**

The NVRA requires each state and the District of Columbia to make available for public inspection "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters." 52 U.S.C. § 20507(i)(1). The records the NVRA describes are commonly referred to as "voter list maintenance" records.

On April 24, 2024, pursuant to the NVRA, the Foundation requested from your office the opportunity to inspect or receive certain voter list maintenance records, namely: "(1) Copies of all "Deceased Retractions" reports received from ERIC; and, (2) Copies of all other records

107 S. West Street, Suite 700, Alexandria, Virginia 22314
Telephone: 703.745.5870   Fax: 888.815.5641   PublicInterestLegal.org

Exhibit D

concerning "Deceased Retractions" reports, *e.g.*, correspondence."[1] The request sought records from "the date your state joined ERIC through the present." A copy of the Foundation's April 24, 2024, request is enclosed with this notice.

**Timeline of Correspondence with Oregon**

Email records maintained by the Foundation show:

- April 24, 2024, the Foundation submits its requests per 52 U.S.C. § 20507(i)(1).

- On May 3, 2024, the Public Records Inbox email account for Oregon acknowledged the request and stated that the appropriate person would be alerted to handle the matter.

- On May 6, 2024, Oregon Secretary of State Public Record Analyst Coline Benson wrote to inform that records sought under Request 1 effectively could not be offered for inspection or disclosure because "we do not have those records as we do not retain them."

- On May 6, 2024, the Foundation responded to seek clarification, asking, "[C]ould you confirm or estimate when was the last time your offices received such data?"

- On May 6, 2024, Benson responded: "We receive the data monthly; however we do not download and retain the data."

**Violations of the National Voter Registration Act**

Based upon the correspondence with Oregon since the April 24, 2024, requests per 52 U.S.C. § 20507(i)(1), the Foundation outlines two violations of the NVRA.

Oregon explained in the May 6 emails that inspection or disclosure of the voter list maintenance records would not be possible because the office "do[es] not retain them." Furthermore, this lack of retention repeats monthly.

The NVRA requires that:

> Each State shall **maintain for at least 2 years** and shall make available for public inspection and, where available, photocopying at a reasonable cost, **all records** concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters.

52 U.S.C. § 20507(i)(1) (emphasis added).

---

[1] The request explained, "*In more recent years, your office may have received email alerts from Sarah Whitt, ERIC Systems and Data Analyst, (sarah.whitt@ericstates.org) copying Ericka Haas (Ericka.haas@ericstates.org) stating that new Deceased Retractions were available within your office's dedicated Downloads folder on the ERIC FTP site.*" (emphasis in original).

The requested records are within the NVRA's scope. The NVRA exempts only two pieces of information— (1) a declination to register to vote, and (2) the identity of a voter registration agency through which any particular voter is registered. 52 U.S.C. § 20507(i)(1). The Foundation does not seek either of those things and the NVRA's text exempts no other records.

Any state law providing for a shorter retention period or limiting disclosure of the requested records is inapplicable to our request because the NVRA, as a federal enactment, is superior to conflicting state laws under the Constitution's Elections and Supremacy Clauses. *See Arizona v. Inter Tribal Council of Ariz., Inc.*, 570 U.S. 1, 12-15, 133 S. Ct. 2247, 2255-57 (2013).

Oregon is violating the NVRA in two ways.

**First**, Oregon is not maintaining voter list maintenance records for at least two years, as required by the NVRA. Indeed, Oregon admits that it does not download the ERIC Deceased Retractions reports that it uses to perform voter list maintenance.

Thanks to similar research efforts in other ERIC member states, the Foundation can contextualize how Oregon is able to "receive" documents intended to aid in voter list maintenance but not "download and retain." According to ERIC, list maintenance data are transmitted to member states via a file transfer protocol ("FTP") server on a scheduled basis. Later, a "cleaner" function "deletes stuff left on the site after 30 or 45 days."[2]
ERIC's transmission and deletion policies do not relieve Oregon of its federal obligation to maintain "all records" concerning Oregon's voter list maintenance activities. 52 U.S.C. § 20507(i)(1). If records "concern[]" Oregon's activities—as the ERIC Deceased Retractions reports do— Oregon must maintain them. *Id*.

**Second**, Oregon is not permitting inspection and reproduction of voter list maintenance records. Indeed, Oregon has denied the Foundation's request for ERIC Deceased Retractions reports (Request 1).

Failure to maintain and permit public inspection or otherwise provide copies of the requested records is a violation of federal law for which the NVRA provides a private right of action. 52 U.S.C. § 20510(b).

Secretary LaVonne Griffin-Valade is hereby notified that she is violating the NVRA and litigation may commence against her if the violations described herein are not cured within 20 days of receipt of this letter. The curative period is 20 days because the violation is occurring within 120 days of the May 21, 2024, Oregon primary election,[3] a federal election. 52 U.S.C. § 20510(b)(2).

For lawsuits initiated by a private party, an award of attorney's fees, expenses, and costs incurred is available under 52 U.S.C. § 20510(c). The Foundation was recently awarded attorney's fees

---

[2] This information derives from an email dated November 3, 2022, from Sarah Whitt of ERIC to the Office of Vermont Secretary of State. That communication record and accompanying Deceased Retraction reports were disclosed to the Foundation via an NVRA request at no cost, within 14 days.
[3] https://data.oregon.gov/Administrative/Public-Elections-Calendar/tzci-8iq5

Exhibit D

and litigation expenses as the prevailing party in actions to enforce the NVRA's public inspection rights.[4]

If the violations described herein are not cured in the time afforded by law, we will have no choice but to pursue remedies in federal court.

Please contact me to arrange for secure transmission of the requested records.

Thank you for your continued attention to this matter.[5]

Sincerely,

Logan Churchwell
Research Director
Public Interest Legal Foundation

---

[4] *Pub. Int. Legal Found. v. Schmidt*, No. 1:19-CV-622, 2023 U.S. Dist. LEXIS 186589 (M.D. Pa. Oct. 17, 2023) (on appeal); Doc. 97, *Public Interest Legal Foundation v. Bennett*, No. 4:18-cv-0981 (entered June 30, 2021).

[5] In response to Request 2, Oregon offers, for $75 an hour, to compile, review, and prepare for disclosure all communications attached to documents covered under Request 1. This response raises questions about the consistency of your office's retention practices for *all records* concerning voter list maintenance programs and activities. 52 U.S.C. § 20507(i)(1).

Exhibit D